UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAYLESSBEAUTY,<br><br>　　　　Defendant. | Case No. 2:20-cv-10536-JVS-JEM<br><br>**STIPULATED PRELIMINARY INJUNCTION**<br><br>Judge: Hon. James V. Selna<br>Magistrate: Hon. John E. McDermott |

On November 18, 2020, Plaintiff filed its Complaint for relief pursuant to the Lanham Act and related state law claims, and moved pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order, asset freeze, other equitable relief, expedited discovery, and an order to show cause why a preliminary injunction should not issue against Defendant. On November 24, 2020, the court entered a Temporary Restraining Order ("TRO") [ECF No. 37]. On December 7, 2020, the court entered an order pursuant to the parties' stipulation, extending the Temporary Restraining Order through December 23, 2020. [ECF No. 46]. The parties to this action have stipulated to and agree to the entry of a preliminary injunction order. By stipulation of the parties, the Court finds as follows:

**FINDINGS OF FACT**

A. Plaintiff and Defendant have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact, other than as stated below;

B. Defendant and those in active concert with Defendant waive all rights to seek judicial review or otherwise challenge or contest the validity of this order;

C. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and their venue in this district is proper;

D. Plaintiff asserts that there is good cause to believe that Defendant has engaged in and is likely to engage in acts or practices that violate the Lanham Act and related state law claims stemming from Defendant's offer of counterfeit 3M-branded goods and unauthorized sales of 3M-branded N95 respirators. Consequently, and as demonstrated by Plaintiff's submission in support of its application for a Temporary Restraining Order, Plaintiff has established a likelihood of success on the merits of its claims. Plaintiff claims and has

established that there is good cause to believe that immediate and continuing harm will result from Defendant's conduct if not restrained and enjoined by order of this Court;

E. Plaintiff asserts that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for Plaintiff and, ultimately consumers, including monetary restitution, rescission, discourse and of profits, will occur from the sale, transfer, dissipation, or other disposition or concealment by Defendant of assets or records, unless Defendant is immediately restrained and enjoined by order of this Court;

F. Plaintiff asserts that good cause exists for continuing to restrain Defendant pursuant to the terms of the TRO issued by this Court;

G. The entry of a preliminary injunction is in the public interest; and

H. The existing security posted by Plaintiff in support of entry of a Temporary Restraining Order in the amount of $15,000 is sufficient security to support issuance of this preliminary injunction order.

## ORDER

**IT IS THEREFORE ORDERED**

This Court, having considered the parties' stipulation to entry of a preliminary injunction order, and for good cause shown, it is hereby:

ORDERED that Plaintiff's application for a Preliminary Injunction shall be, and hereby is, granted; and it is further

ORDERED, as sufficient cause has been shown, that Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

1. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with it are enjoined from

using the 3M Marks—or any reproductions, counterfeit copies or colorable imitations thereof in any manner, as well as any other mark(s) confusingly similar thereto—for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods that do not constitute genuine 3M product, or is not authorized by 3M to be sold in connection with the 3M Marks, including, without limitation, 3M-branded N95 respirators;

2. Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with it are further enjoined from:

    a. passing off, inducing, or enabling others to sell or pass off any product as a genuine 3M product that is not produced under the authorization, control, or supervision of 3M and approved by 3M for sale under the 3M Marks;

    b. committing any acts calculated to cause consumers to believe that Defendant's counterfeit 3M products are sold under the authorization, control or supervision of 3M, or are sponsored by, approved by, or otherwise connected with 3M;

    c. secreting, concealing, destroying, altering, selling, transferring or otherwise disposing of any inventory of counterfeit 3M products in Defendant's possession, custody or control;

    d. secreting, concealing, destroying, altering, selling, transferring or otherwise disposing of any computer files, data, business records, documents or any other records or evidence relating to Defendant's user accounts, eBay accounts, or any money, securities or other property or assets of Defendant relating to the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of

counterfeit 3M products, including 3M N95 respirators or other 3M PPE;

e. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other seller platform, account, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of counterfeit 3M products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

f. transferring ownership of "paylessbeauty" eBay storefront or account.

ORDERED that upon receipt of notice of this Order, PayPal and eBay shall continue to restrain all eBay and/or PayPal accounts associated with Defendant and restrain and enjoin the transfer of any monies held in such accounts until further ordered by this Court.

This Order shall remain in effect until entry of a final judgment in this case. IT IS SO ORDERED.

Dated: December 23, 2020

_____
Honorable James V. Selna
United States District Court Judge