AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court for the Central District of California on the following

☑ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:20−cv−10536-JVS | DATE FILED<br>11/18/2020 | U.S. DISTRICT COURT<br>for the Central District of California |
|---|---|---|
| PLAINTIFF<br>3M Company | | DEFENDANT<br>PaylessBeauty |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 3,398,329 | 3/18/2008 | 3M Company |
| 2 | 2,692,036 | 3/4/2003 | 3M Company |
| 3 | 2,793,534 | 12/16/2003 | 3M Company |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| see attached |

| CLERK<br>KIRY K. GRAY | (BY) DEPUTY CLERK<br>[signature] | DATE<br>2/17/2021 |
|---|---|---|

**Copy 1**—Upon initiation of action, mail this copy to Director    **Copy 3**—Upon termination of action, mail this copy to Director
**Copy 2**—Upon filing document adding patent(s), mail this copy to Director    **Copy 4**—Case file copy

JAYME C. LONG (Bar. No. 202867)
Jayme.long@dentons.com
STEPHANIE PEATMAN (Bar No. 299577)
stephanie.peatman@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

CHRISTOPHER M. WEIMER
(*Pro Hac Vice*)
(Texas Bar No. 24061894)
cweimer@pirkeybarbar.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

Attorneys for Plaintiff
3M COMPANY

JS-6

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RAGE BEAUTY, INC, BLUETOUCH INC., AND THEMIS CONSULTING GROUP d/b/a SALON BACKBAR,<br><br>　　　　Defendants. | Case No. 2:20-cv-10536-JVS-JEM<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. James V. Selna<br>Magistrate: Hon. John E. McDermott |

The undersigned counsel for Plaintiff 3M Company ("Plaintiff" or "3M") and Defendants Rage Beauty, Inc.; Bluetouch Inc.; and Themis Consulting Group Inc.d/b/a Salon Backbar (together, "Defendants") (collectively, the "Stipulating Parties"), in the above-captioned action, hereby stipulate and agree that:

WHEREAS, 3M filed the above-captioned case against the Defendants in the Central District of California, Western Division, on November 18, 2020 (the "Lawsuit"); and

WHEREAS, 3M filed its First Amended Complaint on January 25, 2021 (Dkt. 052) seeking injunctive relief and monetary damages against Defendants for infringement of 3M's famous federally-registered 3M trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims under California Business & Professions Code, §§ 17200 et seq., as well as claims under the statutory and common laws of the State of California;

WHEREAS, Defendants state that they no longer market or sell 3M products, and have no intention of marketing or selling 3M products, now or in the future;

WHEREAS, on or about February 12, 2021, Defendants and 3M entered into a Settlement and Mutual Release Agreement (the "Settlement Agreement") wherein Defendants, inter alia, agreed to pay to 3M or 3M's chosen charity a total of $60,000 and further agreed to the entry of this Consent Judgment and Permanent Injunction;

WHEREAS, Defendants state that they are stipulating to the entry of this Consent Judgment and Permanent Injunction in order to avoid the uncertainties and costs of litigation; and

WHEREAS, Defendants and 3M have stipulated to entry of this Consent

Judgment and Permanent Injunction without trial or adjudication of any issue of law or fact herein and without the Defendants admitting liability for any of the violations 3M alleged in the First Amended Complaint.

NOW, THEREFORE, Defendants and 3M having requested the Court to enter this Consent Judgment and Permanent Injunction, there Court HEREBY FINDS:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the Stipulating Parties.

2. Venue is proper as to the Stipulating Parties in the Central District of California pursuant to 28 U.S.C. § 1391(b).

3. The First Amended Complaint states *prima facie* claims upon which relief may be granted against the Defendants under 15 U.S.C. §§ 1114(1), 1116(d), 1125(a)(1)(A), 1125(a)(1)(B), and 1125(c) as well as California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

4. 3M is the owner of numerous federal trademark registrations, including specifically (i) U.S. Trademark Reg. No. 3,398,329, which covers the standard-character 3M mark in International Classes 9 and 10 for, inter alia, respirators (the "'329 Registration"), (ii) U.S. Trademark Reg. No. 2,692,036, which covers the 3M logo for, inter alia, a "full line of surgical masks, face shields, and respiratory masks for medical purposes" (the "'036 Registration"); and (iii) U.S. Trademark Reg. No. 2,793,534, which covers the 3M design mark in International Classes 1, 5, and 10 for, inter alia, respirators (the "'534 Registration"), all of which are registered on the Principal Register in the United States Patent and Trademark Office and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

5. Since long before Defendants used any "3M" designation or mark, 3M has offered products under its 3M mark, including in connection with 3M-brand respirators.

6. As a result of its longstanding use of the 3M mark, the 3M mark has

become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7. From June 2020 through November 2020, Defendants purchased masks marked as 3M N95 respirators from various sellers for resale on eBay and elsewhere. Defendants paid the various sellers approximately $597,363.50 for these masks. Defendants also incurred approximately $49,729.54 in overhead and other expenses in association with these masks.

8. From July 2020 through November 2020, Defendants sold approximately 143,128 of the masks they had purchased to consumers through eBay.com and elsewhere for total sales of $742,361.79 (after commissions and fees paid to eBay and Paypal). Defendants described these masks as authentic 3M-branded N95 respirators. Defendants subsequently refunded $5,436 to consumers.

9. In making the sales described above, Defendants adopted and began using the 3M mark in US commerce. Defendants represented or implied that they had an association or affiliation with, sponsorship by, and/or connection with, 3M and 3M's products. Defendants represented or implied that the products it sold were authentic 3M N95 respirator masks.. Defendants bought and sold these masks at substantially inflated prices.

10. Defendants' conduct is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and has deceived the relevant consuming public into believing, mistakenly, that Defendants' goods and associated conduct originate from, are associated or affiliated with, or are otherwise authorized by 3M. Defendants' conduct is also likely to cause confusion or deceive consumers as to the pricing and value of 3M products. Further, Defendants' conduct is likely to dilute the distinctive quality of, and tarnish the reputation of, 3M's famous 3M mark.

11. The foregoing conduct by Defendants constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair

competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violation of California Business & Professions Code, §§ 17200 et seq.

12. As set forth above, Defendants earned $736,925.79 in sales (after refunds, and after commissions and fees paid to eBay.com and Paypal) from the sale of the purported 3M N95 respirators through eBay.com and elsewhere. Defendants incurred the following costs in connection with those sales:

| | |
|---|---|
| Cost of materials paid to sellers | $597,363.50 |
| Labor | $14,880.00 |
| Postage & shipping costs | $22,855.64 |
| Shipping supplies | $2,313.90 |
| Other commissions and service fees | $9,680.00 |
| **Total Costs** | **$647,093.04** |

Accordingly, Defendants have realized $89,832 in profits on the sales of the purported 3M N95 respirators through eBay.com and elsewhere.

13. As a direct and proximate result of the Defendants' conduct alleged herein, 3M has sustained substantial, immediate, and irreparable injury, and is entitled to monetary relief and an injunction pursuant to 15 U.S.C. §§ 1116-1117.

14. Entry of this Consent Judgment and Permanent Injunction is in the public interest.

15. Defendants, without admitting the allegations set forth in Plaintiff's First Amended Complaint or any wrongdoing on their part, and 3M hereby stipulate to entry of this Consent Judgment and Permanent Injunction.

16. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and further waive and release any claim they may have against 3M its employees and agents, including any rights that may arise for attorneys' fees or other costs under the Equal Access to Justice Act, 28

U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847,863-64 (1996).

## **ORDER**

IT IS THEREFORE ORDERED that

1. Defendants shall pay 3M the total sum of $60,000, as set forth in the Settlement Agreement.

2. Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them, are permanently enjoined from any of the following:

    a. Selling or offering to sell any 3M Products, or otherwise using the 3M mark (e.g., providing any pricing information regarding 3M Products), unless expressly authorized by 3M and through an authorized distributor of 3M that has been verified as such by 3M; and

    b. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this paragraph.

3. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Consent Judgment and Permanent Injunction.

4. If Defendants are found to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Stipulating Parties agree that 3M shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

5. All claims and defenses that were alleged (or that could have been alleged) in the Lawsuit by any of the Stipulating Parties are hereby resolved by this Consent Judgment and Permanent Injunction.

6. The Stipulating Parties, shall each bear their own costs and attorneys' fees incurred in this action.

This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of 3M's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion

**IT IS SO ORDERED.**

Dated: February 17, 2021

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED.**

Dated:  February 16, 2021         CHRISTOPHER WEIMER

By:  *Christopher M. Weimer*

Attorneys for Plaintiff
3M COMPANY

Dated:  February 16, 2021         AMY ALDERFER

By:  *Amy Alderfer*

Attorneys for Defendants
RAGE BEAUTY, INC.; BLUETOUCH
INC.; AND THEMIS CONSULTING
GROUP INC. D/B/A SALON BACKBAR

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, the undersigned hereby attests that concurrence in the filing of this **STIPULATED PERMANENT INJUNCTION** has been obtained from counsel for Defendants and is electronically signed with the express permission of Defendants' counsel.

Dated: February 16, 2021

*Christopher M. Weimer*
Christopher M. Weimer